UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

MARIA TRIMINIO f/k/a Maria Navarro,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

CETERIS PORTFOLIO SERVICES, LLC
d/b/a SRA Associates,

    Defendant.
_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

COMES NOW Plaintiff, Maria Triminio f/k/a Maria Navarro (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through the undersigned counsel, and brings this action against Defendant, Ceteris Portfolio Services, LLC d/b/a SRA Associates (hereinafter "Defendant"), and states the following in support thereof:

**PRELIMINARY STATEMENT**

1. This is an action brought against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter the "FDCPA") and the Florida Consumer Collection Practices Act, § 559.55, *et seq.*, Florida

Statutes (hereinafter the "FCCPA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCCPA, § 559.77(1), Florida Statutes, and 28 U.S.C § 1331. This Court has supplemental jurisdiction for Plaintiff's FCCPA claims pursuant to 28 U.S.C. § 1367.

3. Defendant is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the acts or omissions complained of were committed and/or caused by Defendant here and Plaintiff lives here.

## PARTIES

5. Plaintiff is a natural person, a resident of Polk County, Florida, and a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a Delaware corporation, whose primary business address is located at 112 W. Park Dr., Ste. 200, Mt. Laurel, NJ 08054 and whose registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

7. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6), because it uses postal mail, an instrumentality of interstate commerce,

across state lines into Florida for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Defendant is licensed as a Consumer Collection Agency by the Florida Office of Financial Regulation, holding license number CCA9904258.

9. At all times relevant hereto, Defendant possessed knowledge concerning compliance with both the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff allegedly incurred a debt concerning a consumer credit account issued by a national financing company (hereinafter the "Debt").

11. At a time better known to Defendant, the current creditor engaged Defendant in order to direct debt collection activities in connection with the Debt toward Plaintiff.

12. Defendant made the affirmative business decision to communicate with Plaintiff about collection of the Debt via written correspondence.

13. However, rather than preparing and mailing written collection correspondence on its own, Defendant sent information regarding Plaintiff and the Debt to a third-party vendor (hereinafter the "Vendor") in order to outsource the process.

14. Defendant disclosed to the Vendor, among other things: (i) Plaintiff's

status as a debtor; (ii) the fact that Plaintiff allegedly owed monies for the Debt; (iii) the fact the Debt concerned consumer credit account; and (iv) other highly personal pieces of information.

15. Upon information and belief, the Vendor then populated some or all of this information into a pre-written template, printed, and mailed the collection letter to Plaintiff's residence in Florida. (*See* **Exhibit 'A'**).

16. The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *See* 15 U.S.C. § 1692a(3).

17. The sending of an electronic file containing information about Plaintiff and the Debt to the Vendor is therefore a communication under the statute. *See Hunstein v. Preferred Collection and Management Services, Inc.*, 994 F.3d 1341, 1352 (11th Cir. 2021).

18. Defendant's communication to the Vendor was in connection with the collection of a debt since it involved disclosure of information about Plaintiff and the Debt to a third-party, with the objective being communication with the consumer and motivation of the consumer to pay an alleged debt.

19. Plaintiff never consented to having her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

20. In limiting communications with unauthorized third-parties, the

FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than <u>the consumer, his attorney, a consumer reporting agency</u> if otherwise permitted by law, <u>the creditor, the attorney of the creditor, or the attorney of the debt collector</u>." (emphasis added).

21. The Vendor used by Defendant in conjunction with its debt collection efforts directed toward Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

22. Due to Defendant's aforementioned communication to the Vendor, debt-related information about Plaintiff is within the possession of an unauthorized third-party.

23. If a debt collector "conveys information regarding the debt to a third party- informs the third-party that the debt exists or provides information about the details of the debt then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

24. Defendant unlawfully communicates with the Vendor for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information, which it discloses to such third-party.

25. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing debt-related information to unauthorized

5

third-parties has on consumers.

26.     Because 15 U.S.C. § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable, the invasion of privacy, and Congress's judgment indicates that violations of §1692c(b) constitute a concrete injury, Plaintiff has standing to sue. *See Hunstein*, 994 F.3d at 1348 (11th Cir. 2021).

## CLASS ALLEGATIONS

27.     Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class of persons (hereinafter the "Class"), subject to modification after discovery and further case development:

> *All persons in Florida whose information was communicated, in connection with the collection of a debt, to a third-party by Defendant without said persons' prior consent from one year prior to the filing of the instant action through to the date of class certification.*

28.     The members of the Class are all identifiable through Defendant's records and other third-party records.

29.     Excluded from the Class are Defendant; any entities in which it has a controlling interest; its agents and employees; any Judge to whom this action is assigned, any member of such Judge's staff, and the Judge's immediate family; and Plaintiff's counsel, any member of their staff, and immediate family.

30.     Plaintiff proposes that he serve as class representative for the class as he and the members of the Class have all been harmed by Defendant's actions.

31.     The members of the Class are so numerous and geographically

diverse that joinder of all of them is impracticable.

32. Plaintiff believes and therefore avers, that Defendant has improperly communicated debt-related information of over forty (40) consumers to unauthorized third-parties throughout the state of Florida during the relevant time period.

33. There are questions of law and fact common to Plaintiff and to the members of the Class, including without limitation:

   a. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692c(b);

   b. Whether Defendant's conduct constitutes violations of Section 559.72(5), Florida Statutes;

   c. Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA and the FCCPA;

   d. Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA and the FCCPA; and

   e. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

35. Plaintiff is an adequate representative of the Class because she will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represent her.

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

37. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## COUNT I
### (Violations of 15 U.S.C. § 1692c(b))

38. Plaintiff adopts, realleges, and incorporates all of the foregoing paragraphs as if fully set forth herein.

39. At all times relevant to this action, Defendant is subject to and must abide by the laws of United States, including without limitation, 15 U.S.C. § 1692, *et seq*.

40. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

41. In enacting the statute, Congress identified the "invasion of individual privacy" as one of the harms against which the FDCPA is directed. *See* 15 U.S.C. §

1692(a) (emphasis added).

42. 15 U.S.C. § 1692c(b) provides: "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than <u>the consumer, his attorney, a consumer reporting agency</u> if otherwise permitted by law, <u>the creditor, the attorney of the creditor, or the attorney of the debt collector</u>." *See* 15 U.S.C. § 1692c(b) (emphasis added).

43. The transmittal of personal debt-related information to a third-party mailing vendor constitutes a communication in connection with the collection of a debt. *See Hunstein*, 994 F.3d at 1352 (11th Cir. 2021).

44. Because 15 U.S.C. § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable, the invasion of privacy, and Congress's judgment indicates that violations of §1692c(b) constitute a concrete injury, Plaintiff has standing to sue. *See Id* at 1348.

45. Defendant violated 15 U.S.C. § 1692c(b) when it communicated sensitive personal information about Plaintiff to the Vendor in connection with the collection of the Debt.

46. Specifically, Defendant communicated details about: (i) Plaintiff's

status as a debtor; (ii) the fact that Plaintiff allegedly owed monies; (iii) the fact the Debt concerned a consumer credit account; and (iv) other highly personal pieces of information.

47. Defendant intentionally made these communications to the Vendor in order to attempt to gain an advantage over other debt collectors and generate additional profits.

48. As a result of Defendant's aforementioned violation of the FDCPA, Plaintiff suffered damages, including without limitation, an invasion of privacy.

49. Defendant's aforementioned conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000, as well as other relief.

## COUNT II
### (Violations of Fla. Stat. § 559.72(5))

50. Plaintiff adopts, realleges, and incorporates all of the foregoing paragraphs as if fully set forth herein.

51. At all times relevant to this action, Defendant is subject to and must abide by the laws of Florida, including without limitation, Florida Statute § 559.72, *et seq*.

52. The Florida Legislature, in enacting the FCCPA, has <u>further defined and protected an individual's right of privacy</u> in the State of Florida. *Collection Bureau of Orlando v. Continental Casualty Co.,* 342 So. 2d 1019, 1020 (Fla. 4th

DCA 1977) (emphasis added); *See also* Terri Jayne Salt, Note, *Fair Debt Collection Practices: Analysis of Florida and Federal Law,* 30 U. Fla. L. Rev. 892, 905 (1978).

53. In collecting consumer debts, no person shall disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false. *See* Fla. Stat. § 559.72(5).

54. In the event of any inconsistency between any provision of the FCCPA and any provision of the FDCPA, the provision which is more protective of the consumer or debtor shall prevail. *See* Fla. Stat. § 559.552.

55. "A plaintiff is not required to prove actual damages, but only a violation of one of the prohibited practices in the Florida Consumer Collections Practices Act." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509 (Fla. 1st DCA 2007).

56. Defendant violated Section 559.72(5), Florida Statutes, when it disclosed to the Vendor debt-related information that would affect Plaintiff's reputation.

57. Specifically, Defendant disclosed details about: (i) Plaintiff's status as a debtor; (ii) the fact that Plaintiff allegedly owed monies; (iii) the fact the Debt concerned a consumer credit account; and (iv) other highly personal pieces of

information, all of which concern Plaintiff's reputation.

58. Defendant knew there was no legitimate business need for this information, since Defendant could easily have prepared and mailed correspondence itself without disclosing Plaintiff's sensitive personal information to a third-party.

59. Moreover, no legitimate business need for the disclosure of the aforementioned debt-related information could have existed because the FDCPA specifically proscribes communicating said information to the Vendor. *See* 15 U.S.C. § 1692c(b).

60. Defendant intentionally chose to disclose this sensitive personal information to the Vendor as part of its debt collection efforts to increase its operational efficiency and profits.

61. As a result of Defendant's aforementioned violation of the FCCPA, Plaintiff suffered damages, including without limitation, an invasion of privacy.

62. Defendant's conduct renders it liable for the above-stated violations of the FCCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000, as well as other relief.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendant for the following:

a. Certification of Plaintiff's claims and all other persons similarly

situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. Awarding statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k;

c. Awarding statutory damages of $1,000.00 for each violation of the FCCPA pursuant to Section 559.77(2), Florida Statutes;

d. Injunctive relief preventing Defendant from making any further communications to unauthorized third-parties when attempting to collect consumer debts.

e. Awarding reasonable costs and attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k and Section 559.77(2), Florida Statutes; and

f. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ *Christopher Legg*
Christopher Legg, Esq.
Florida Bar No. 44460

CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Rd., Ste. 228
Boca Raton, Florida 33432

Telephone: 954-235-3706
Chris@theconsumerlawyers.com

*Attorney for Plaintiff
and the putative class*

# Exhibit 'A'

## SRA ASSOCIATES
**PAYSRA.ONLINE**
888-274-2897
Send Correspondence to:
112 W. Park Dr. Suite 200
Mt. Laurel, NJ 08054

November 9, 2020

CREDITOR: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CREDITOR ACCT. # ▮▮▮▮▮▮
OUR ACCT. # ▮▮▮▮▮▮
BALANCE DUE: $▮▮▮▮

DEAR MARIA D NAVARRO

Your ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ account has been placed with our office for collections. To pay the balance in full, you may visit our website at PAYSRA.ONLINE.

This is a highly unusual time as we all do our best to navigate the constantly changing pandemic situation that has impacted so many people throughout the country. Thus, if you are unable to address the balance owed and would like assistance, please contact us so we can explore options that may be available to you. You may send correspondences to our address listed above.

### IMPORTANT CONSUMER NOTICE

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Sincerely,

SRA Associates

This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

Office hours are: Monday-Thursday 8am-8pm, Friday 8am-4:30pm, and Saturday 8am-12pm Eastern Time